IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
MAXON ENGINEERING SERVICES, INC.,       :    Case No. 04-04781 (GAC)
                                        :
        Debtor                          :    Chapter 7
_____ :
                                        :
MAXON ENGINEERING SERVICES, INC.,       :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :    Adv. No. 07-00145
                                        :
SR CONSTRUCTION & SERVICE, INC.,        :
                                        :
        Defendant                       :
_____ :


DECISION AND ORDER

The debtor filed a voluntary petition under Chapter 11 on May 4, 2004.  The case was converted to Chapter 7 on June 13, 2006 and Noreen Wiscovitch Rentas was appointed interim trustee on June 14, 2006.  On June 11, 2007, the Chapter 7 trustee filed this adversary proceeding for recovery of an alleged post-petition payment, in the amount of $106,065.53, made to the defendant SR Construction & Service, Inc. ("SR") on account of a prepetition debt.  The trustee claims that the payment was not authorized by the Court and thus must be returned to the estate pursuant to 11 U.S.C. § 549.  SR sought dismissal of the complaint contending that it is time barred (dkt. #10).  The trustee opposed the motion contending that the statute of limitations was equitably tolled (dkt. #11 and dkt.

1

#16).

At a hearing held on February 15, 2008, the Court took the matter under advisement (dkt. #20).  At that hearing, SR argued that not only had the statute of limitations expired, but that the payment was authorized by the Court.  The Court directed SR to amend its motion to dismiss, which it has failed to do, but nonetheless, the Court has reviewed the legal docket and concludes that a payment of $179,503.23 to SR was specifically authorized by the Court at a hearing held on June 15, 2006 (dkt. #1013).  The payment was related to USF&G's release of bonded projects for which SR provided construction services.  Moreover, the funds related to this payment, were retainage funds provided by the Puerto Rico Housing Authority, rather than funds belonging to the debtor's estate.

In the complaint, the trustee does not indicate when the alleged transfer took place.  SR claimed in the motion to dismiss that the payment relates to a payment made on or about June 30, 2004, but Court authorization for payment in a different amount, occurred on June 15, 2006.  The trustee's answer to the motion to dismiss relates to a prepetition preference, rather than an unauthorized post-petition transfer, which is not relevant to the complaint in this case.  From the record, the Court is unable to determine when the alleged transfer took place, whether it relates to a payment authorized by the Court or whether the trustee's

response to the motion to dismiss relates to this alleged post-petition payment.

Accordingly, the trustee will be required to amend the complaint to specifically allege the timing of the transfer which she seeks to avoid to enable the Court to determine whether the payment was authorized, whether recovery is time-barred or whether the statute of limitations was tolled.

ORDER

WHEREFORE IT IS ORDERED that the trustee is granted twenty (20) days to amend the complaint to indicate the timing of the alleged transfer which she seeks to avoid.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of May, 2008.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge